UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS RIOS,<br><br>        Petitioner,<br><br>    v.<br><br>PAUL THOMPSON,<br><br>        Respondent. | No.  2:21-cv-01059-KJM-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this judicial district, where he is confined.  Petitioner has paid the filing fee for this action.  On June 29, 2021, the court ordered respondent to file an answer to the petition or a motion to dismiss within 60 days.  ECF No. 5.  Respondent filed a motion to dismiss the § 2241 petition on August 27, 2021.  ECF No. 7.  Petitioner filed an opposition to respondent's motion to dismiss.  ECF No. 9.  For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss based on lack of ripeness.

    **I.**    **Factual and Procedural History**

      A review of the docket of the Southern District of California, of which this court takes judicial notice, indicates that petitioner plead guilty to importing methamphetamine and was

////

////

1

sentenced to 24 months of incarceration followed by 3 years of supervised release.[1]  See ECF No. 7-2 at 2-7 (docket sheet for Case No. 3:19-cr-01597-CAB).  Petitioner was ordered to self-surrender to the Bureau of Prisons at FCI Sheridan on June 22, 2020 to commence serving his sentence.  See ECF No. 50 in Case No. 3:19-cr-01597 (S.D. Cal. April 16, 2020).

In the present § 2241 application, petitioner argues that he has sufficient earned time credits ("ETCs") to be transferred immediately to home confinement pursuant to the First Step Act of 2018 ("FSA").  ECF No. 1 at 2.  Specifically, petitioner calculates that he is entitled to 273 days of additional earned time credits resulting in a projected early release date of September 15, 2021.  ECF No. 1 at 23.  Absent these earned time credits, petitioner's expected release date is February 20, 2022 which includes good conduct credit that has already been applied to petitioner's sentence.  ECF No. 1 at 23.  By way of relief, petitioner requests that the court order his immediate release "to home confinement, [a] halfway house, or early release to supervised release."  ECF No. 1 at 8.

Petitioner acknowledges that he has not exhausted his administrative remedies with respect to his claim for relief and asserts that he should be excused from doing so because it is futile and because his claim only concerns an issue of statutory construction.  ECF No. 1 at 2.  According to petitioner, the Bureau of Prisons has adopted an inflexible policy in regards to awarding these additional FSA time credits.  Id.  Notwithstanding this argument, petitioner attaches copies of his administrative grievances submitted to his BOP Case Manager, the informal level of administrative review, and the Warden of FCI Herlong where he is confined.  ECF No. 1 at 15-18.  All administrative responses to petitioner's request indicate that the "Bureau of Prisons has until January 15, 2022, to fully phase in First Step Act time credits."  ECF No. 1 at 18.

Respondent moves to dismiss the petition based on lack of Article III standing and ripeness, lack of jurisdiction pursuant to § 2241, and petitioner's failure to exhaust his administrative remedies.  ECF No. 7.  According to respondent, the First Step Act contains three

---

[1] "[C]ourts routinely take judicial notice of documents filed in other courts ... to establish the fact of such litigation and related filings."  Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (citation omitted).

relevant deadlines for implementing a system of additional time credits in order to reduce federal prisoners' period of incarceration based on their risk of recidivism. ECF No. 7 at 3. The "Bureau of Prisons has two years to 'phase-in' programming and provide 'evidenced-based recidivism reduction programs and productive activities for all prisoners . . . .'" ECF No. 7 at 3 (quoting 18 U.S.C. § 3621(h)(2)(A-B)). Because the last deadline of January 15, 2022, has yet to pass, BOP has not rendered any decision regarding petitioner's earned time credits pursuant to the FSA. ECF No. 7 at 4. As a result, respondent argues that petitioner lacks standing and his habeas application is not yet ripe for adjudication. ECF No. 7 at 4. Respondent further argues that since the BOP has the sole discretionary authority to award the earned time credits, this court lacks any statutory jurisdiction to grant petitioner the relief requested. Id. Lastly, respondent submits that the habeas petition should be dismissed because petitioner has not exhausted his administrative remedies. ECF No. 7 at 5.

In support of the motion to dismiss, respondent submitted a declaration from Jess Pino, a Correctional Programs Specialist with the Bureau of Prisons, who reviewed petitioner's inmate records. ECF No. 7-1. Mr. Pino indicates that petitioner "has been tentatively approved for transfer to community confinement in December of this year" based upon his current projected good conduct time release date of February 20, 2022. ECF No. 7-1 at 2. Mr. Pino further submitted evidence indicating that petitioner has not fully exhausted his administrative grievance related to awarding FSA earned time credits because he did not appeal the Warden's denial to the Regional Office. ECF No. 7-1 at 3. Petitioner has been designated as a low risk of recidivism based upon the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs. ECF No. 7-1 at 4-5. "With respect to his needs assessment, BOP has determined [p]etitioner has needs in the following areas: (1) Substance Abuse, (2) Trauma, (3) Work, (4) Cognitions, (5) Antisocial Peers, and (6) Trauma." ECF No. 7-1 at 10.

By way of opposition, petitioner submits that he has "prima facie standing" as an incarcerated individual since he is asserting that he is entitled to be immediately released from confinement. ECF No. 8 at 3. Petitioner acknowledges that the FSA gave the BOP until January 15, 2022 to fully implement sufficient programming and activities for all prisoners to participate

in to qualify for earned time credits, this does not mean that BOP could wait to apply it to all inmates until the final deadline. ECF No. 8 at 3-4. "Respondent bizarrely mistakes the Act's deadline for the government to complete the process of providing every last prisoner with the opportunity to qualify for a reduction of sentence as permission to overincarcerate certain prisoners like [p]etitioner who already have qualified for reductions under the Act." ECF No. 8 at 5. According to petitioner, this result is contrary to Congressional intent and the very purpose of the First Step Act. Id. As a result of this immediate harm to petitioner, he argues that he should be excused from the exhaustion requirement. Id. In response to the challenge to the court's jurisdiction, petitioner counters that BOP has no discretion in awarding the earned time credit "once a 'low' or 'minimum' PATTERN score inmate has earned time credits." ECF No. 8 at 14. Rather, BOP only has discretion in choosing what form of prerelease custody is appropriate for such inmate. Id. Therefore, the court should grant petitioner's habeas application seeking his immediate release from his present confinement.

## II.     Legal Standards

### A.     Section 2241 Relief

Federal inmates have two avenues for pursuing habeas corpus relief. First, a challenge to a federal prisoner's conviction or sentence can be raised via a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Section 2255 motions are filed in the judicial district where the conviction occurred. Alternatively, a federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement.

### B.     First Step Act

The First Step Act of 2018 ("FSA") made several important changes to the duration of federal prison sentences. See Pub. L. No. 115-391, 132 Stat. 5194. As relevant to the pending habeas petition, it created an evidence-based recidivism reduction program that incentivizes inmates to participate in and complete programs and productive activities by awarding them, inter alia, "10 days of time credits…" and "an additional 5 days of time credits for every 30 days of

successful participation" if the prisoner is classified as a minimum or low risk of recidivism. 18 U.S.C. § 3632(d)(4). In order to apply these earned time credits, the BOP was first required to develop a risk and needs assessment system within 210 days after enactment of the FSA. 18 U.S.C. § 3632(a). As described in Mr. Pino's declaration, this assessment tool given the acronym PATTERN, was created on July 19, 2019. See ECF No. 7-1 at 4. Within 180 days thereafter, or by January 15, 2020, the BOP was required to conduct an initial intake risk and needs assessment for each prisoner and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination." 18 U.S.C. 3621(h). The FSA also created a phase-in period of up to 2 years following the initial risk and needs assessment for the BOP to "provide such evidence-based recidivism reduction programs and productive activities for all prisoners." 18 U.S.C. § 3621(h)(2). "During the 2-year period…, the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3). Thus, by January 15, 2022, the BOP is required to provide the necessary recidivism reduction programs and productive activities for all prisoners to earn additional time credits to reduce their sentences under the FSA if they meet the other relevant criteria.

### III.   Analysis

Against this federal statutory backdrop, the court turns to the specific issues raised in respondent's motion to dismiss. Respondent challenges the pending habeas petition on the grounds that it is not ripe for judicial review because Congress allowed the BOP a two year phase-in period that does not end until January 15, 2022.

According to Article III of the United States Constitution, federal courts have jurisdiction over "cases" and "controversies." As a threshold jurisdictional matter, parties are required to have an actual controversy that "make[s] resolution of the controverted issue a practical necessity." See Poe v. Ullman, 367 U.S. 497, 502-05 (1961). This requirement of ripeness serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49

(1967), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977).  A claim is not yet ripe for judicial review "if it involves contingent future events that may not occur as anticipated, or indeed may not occur at all."  United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009) (quoting Thomas v. Union Carbide Agr. Prods. Co., 473 U.S. 568, 580-81 (1985)).

In this case, the BOP is not required to fully implement the earned time credits until January 15, 2022.  This is prior to petitioner's current release date of February 20, 2022, but after the date petitioner says he should be released to home confinement, a halfway house, or supervised release if the ETCs are applied to his sentence.  While the FSA mandated giving prisoners with impending release dates priority in participating in the programs and activities to earn these time credits, at this juncture, the court has no way of knowing exactly how the BOP will actually calculate petitioner's earned time credits.  Therefore, the issue before the court is an abstract disagreement.  As a result, this case is not ripe for adjudication because it hinges "upon contingent future events that may not occur as anticipated…."  Streich, 560 F.3d at 931.  The undersigned therefore recommends granting respondent's motion to dismiss the pending § 2241 petition without prejudice based on lack of ripeness.[2]  In light of this recommendation and in the interests of judicial economy, the undersigned finds it unnecessary to address the remaining grounds raised in respondent's motion to dismiss.

/////

---

[2] The court has read and considered the case of Goodman v. Ortiz, U.S. Dist. LEXIS 153874, 2020 WL 5015613 (D. N. Jersey August 25, 2020), which petitioner relies on to support his argument.  As persuasive authority, the court is not bound to follow this decision.  Indeed, the majority of federal district court cases addressing the Goodman decision have reached a contrary result for a variety of reasons.  See e.g., Cisneros-Gutierrez v. White, Case No. 1:21-cv-00441-EPG-HC, 2021 WL 4460533 (E.D. Cal. Sept. 29, 2021) (Findings and Recommendations to dismiss habeas petition without prejudice based on lack of ripeness); Depoister v. Birkholz, Civ. No. 21-684 (ECT/BRT), 2021 WL 3493692 (D. Minn. July 8, 2021) (dismissing habeas petition due to lack of ripeness); Jones v. Hendrix, No. 2:20-CV-00247-ERE, 2021 WL 2402196 (E.D. Ark. June 11, 2021) (finding the habeas petition premature);  Hand v. Warden of FCI Herlong, Case No. 2:20-cv-2320-JAM-JDP, 2021 WL 1734517 (E.D. Cal. May 3, 2021) (order adopting Findings and Recommendations to dismiss habeas petition based on lack of standing and ripeness); Fleming v. Joseph, Case No. 3:20cv5990-LC-HTC, 2021 WL 1669361 (N.D. FL April 7, 2021) (Report and Recommendation to dismiss habeas petition as premature and for lack of exhaustion); Kennedy-Robey v. FCI Pekin, C/A No. 20-1371, 2021 WL 797516, at *3–4 (C.D. Ill. Mar. 2, 2021) (dismissing habeas petition as premature).

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the provisions of the First Step Act, the undersigned has concluded that the BOP has until January 15, 2022 to apply any earned time credits to your sentence. Because this date is in the future and the court has no way of knowing exactly how BOP will apply the ETCs to your sentence, there is no current case or controversy for the court to resolve. The undersigned recommends granting respondent's motion to dismiss your § 2241 petition.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the matter and issue a final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 7) be granted.
2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice based on lack of ripeness.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rios1059.mtd.2241.docx