UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS RIOS, | No. 2:21-CV-01059-KJM-CKD |
| Petitioner, | |
| v. | ORDER |
| PAUL THOMPSON, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 29, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

1

Petitioner argues his claim is ripe because the First Step Act ("FSA") requires the Bureau of Prisons to apply time credit prior to January 2022, the expiration of the two-year "phase-in" period set forth in 18 U.S.C. § 3621(h)(2).  Petitioner relies on *Goodman v. Ortiz*, U.S. Dist. LEXIS 153874, 2020 WL 5015613 (D. N. Jersey August 25, 2020) to support his argument, but *Goodman* is distinguishable.  In *Goodman*, the Bureau of Prisons did "not dispute that Petitioner earned the time credits." *Id.* at *2.  Here, the Bureau of Prisons declares that because the regulations governing earned time credits are only proposed, "the precise calculations for Petitioner and amount of credits he can apply, as well as their precise application to any community confinement placement, are speculative." Pino Decl. ¶¶ 13, 21, ECF No. 7-1.  For this reason, the court agrees with the findings and recommendation that petitioner's claims in this case are not ripe.  The court declines to interpret the FSA as rendering any claim regarding time credits unripe until the expiration of the FSA's "phase-in" period.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 29, 2021, are adopted.

2. Respondent's motion to dismiss (ECF No. 7) is granted.

3. Petitioner's application for a writ of habeas based on 28 U.S.C. § 2241 is dismissed without prejudice based on lack of ripeness.

4. The Clerk of Court shall close this action.

DATED: January 7, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In *Sengchareun v. Thompson*, No. 221CV00783KJMJDP, 2021 WL 4942781, at *1 (E.D. Cal. Oct. 22, 2021), which involved similar facts and legal questions, this court resolved the narrow question of reconsideration without reaching the merits of the issue addressed here.